# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BUILDERS WORLD, INC.,
   Plaintiff,

 v.             Case No. 06C0555

MARVIN LUMBER & CEDAR, INC.,
   Defendant.

## DECISION AND ORDER

  I discussed the background of the present case in previous decisions and presume familiarity with the facts. On April 3, 2007, I issued an order preliminarily enjoining Marvin from selling dealer-direct in BWI's territory. On April 12, 2007, Marvin asked me to stay the order as to two of its dealers, Window Design Center ("Window Design") and Fenster Corp. d/b/a Window and Door Central ("Fenster"), pending appeal. In evaluating Marvin's request, I consider the likelihood that Marvin will prevail on the merits, whether it will suffer irreparable injury if I deny the injunction, whether BWI will be harmed if I grant the request and the public interest. Glick v. Koenig, 766 F.2d 265, 269 (7th Cir. 1985).

  In support of its request, Marvin argues that if Window Design and Fenster cannot buy from it directly, they will purchase non-Marvin windows rather than buy through BWI, and as a result, Marvin will suffer irreparable harm by losing two large customers. Marvin further contends that a partial stay will not harm BWI because Window Design and Fenster will not buy from it anyway. Marvin presents affidavits to this effect from Window Design and Fenster. BWI argues that Window Design's and Fenster's threats are speculative and that in any event, Marvin will not suffer irreparable harm.

Although I do not believe that Marvin is likely to succeed on its challenge to the merits of my decision to grant BWI an injunction, I conclude that it has a better than negligible chance of convincing the court of appeals that the injunction should be narrowed so as not to bar it from selling directly to Window Design and Fenster. It appears that Marvin will suffer irreparable harm if I do not grant the stay, while granting the stay will not hurt BWI. The threat of a permanent loss of customers supports a finding of irreparable harm. Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546, 552 (4th Cir. 1994). BWI argues that Window Design and Fenster will not actually defect from Marvin but does not present evidence rebutting Window Design's and Fenster's affidavits to the contrary. BWI also argues that Marvin will not actually suffer irreparable harm if Window Design and Fenster do defect because other Marvin dealers will fill the void. Again, however, BWI provides no evidence to this effect. Finally, Window Design and Fenster assert that they will be harmed if I do not issue a stay, and in evaluating the public interest, I may consider these assertions.

Therefore,

**IT IS ORDERED** that Marvin's motion for a partial stay pending appeal is **GRANTED.** The preliminary injunction entered on April 3, 2007 is modified to permit Marvin to continue to sell dealer direct to and Window Design and Fenster.

Dated at Milwaukee, Wisconsin this 23 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge